UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT HINKLE and BRENDA HINKLE,

    Plaintiffs,

v.                                                                                              Case No: 8:16-cv-2966-T-36MAP

CONTINENTAL MOTORS, INC.,
CONTINENTAL MOTORS SERVICES,
INC., CIRRUS DESIGN CORPORATION,
CIRRUS INDUSTRIES, INC., CUSTOM
SENSORS & TECHNOLOGIES and
KAVLICO CORP.,

    Defendants.
_____/

## DEFENDANTS CONTINENTAL MOTORS, INC. AND CONTINENTAL MOTORS SERVICES, INC., MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendants, CONTINENTAL MOTORS, INC. ("CMI") and CONTINENTAL MOTORS SERVICES, INC. ("CMSI") ("collectively the "Continental Companies"), by and through the undersigned counsel and pursuant to Federal Rules of Civil Procedure 8, 10 and 12(b), hereby move this Court for an Order dismissing all claims and causes of action against CMI and CMSI because: (1) Plaintiffs ROBERT HINKLE ("Mr. Hinkle") and BRENDA HINKLE ("Mrs. Hinkle") (collectively "Plaintiffs") failed to properly plead a cause of action against CMI and/or CMSI, (2) Plaintiffs failed to comply with federal pleading standards resulting in the current shotgun pleading, and (3) Plaintiffs failed to plead sufficient specificity and facts supporting their claims.

1

## I.   INTRODUCTION

This action arises from a Cirrus SR22T aircraft,[1] bearing registration number N227RR (the "Aircraft"), making an emergency landing and impacting trees in South Carolina on or about November 28, 2014. The Amended Complaint alleges thirty-two counts against six corporate defendants. Plaintiffs allege claims based on strict liability; negligence; breach of contract; breach of express warranties; breach of implied warranties; fraud; and recklessness, outrageousness, willful, and wanton conduct[2]. The Amended Complaint should be dismissed for various reasons more fully set forth herein.

Plaintiffs impermissibly lump the Continental Companies together. Specifically, Plaintiffs fail to align specific conduct with each claim and defendant and fails to allege conduct attributable to each separate and distinct corporate entity. While Plaintiffs' seemingly acknowledge that CMI and CMSI are separate and distinct corporations, Plaintiffs fail to set forth factual allegations pertaining to either of these two separate and independent corporate entities. Instead, Plaintiffs lump CMI and CMSI together as if they are one. Plaintiff's method of pleading is so vague, ambiguous, disorganized, confusing, and repetitive that neither CMI nor CMSI can discern the specific claims against each to be able to reasonably frame a response.

Furthermore, the Amended Complaint, in its entirety, continues to be a "shotgun" pleading. On October 26, 2016, this Court dismissed Plaintiffs' original Complaint because the "Counts are disorganized, confusing, and repetitive, with each Count consisting primarily of

---

[1] The Federal Aviation Administration's Registry lists Header Bug LLC as the owner of the Aircraft, despite Plaintiffs' allegation that Robert Hinkle owns the Aircraft.

[2] "Recklessness, Outrageous, Willful and Wanton Conduct" as alleged in Count XXXII is not a recognized cause of action under Florida law subjecting this Amended Complaint to dismissal under Fed. R. Civ. P 12(b)(6).

2

allegations that are irrelevant to the claim alleged." Now, the Amended Complaint is more confusing and lengthier than the previous pleading. Moreover, many paragraphs in the counts alleged by Mr. Hinkle were simply "cut and paste" into the counts alleged by Mrs. Hinkle. This creates a confusing situation in which Mr. Hinkle is praying for relief and damages for counts related to Mrs. Hinkle, and vice versa. It is impossible to determine what Mrs. Hinkle is alleging and what Mr. Hinkle is alleging.  Accordingly, the Amended Complaint continues to be an impermissible shotgun pleading that warrants dismissal.

Finally, Plaintiffs fail to plead sufficient facts to support their breach of contract claim against either CMI or CMSI. Plaintiffs allege that Mr. Hinkle purchased the aircraft directly from the Cirrus defendants. [D.E. 20 ¶ 286]. However, Plaintiffs fail to allege any facts demonstrating that either CMI or CMSI entered into that contract with either Plaintiff so as to maintain the necessary privity of contract to support a Breach of Contract allegation. Although cited as "Exhibit A" [D.E. 20 ¶¶ 133, 289], Plaintiffs have not attached a contract to the Amended Complaint. It is impossible to judge how CMI or CMSI are bound by a contract, and Plaintiffs have not alleged any facts showing the existence of such a contract. Further still, Mrs. Hinkle purports to assert a breach of contract claim against the Continental Companies when the four corners of the Complaint, including Mrs. Hinkle's very breach of contract count XXIV, alleges that it was Mr. Hinkle who entered into contract and thus Mrs. Hinkle shares no privity of contract or standing to raise such claim. Therefore, Plaintiffs breach of contract claims should be dismissed as a matter of law.

## II.   BACKGROUND

1.    On November 28, 2014, Mr. Hinkle piloted the Aircraft out of Sarasota Bradenton International Airport with the intended destination of Orangeburg, South Carolina. [D.E. 20 ¶¶ 17–19].

2. The aircraft made an emergency landing in a wooded area near Hampton-Varnville Airport in Hampton, South Carolina. [D.E. 20 ¶ 36].

3. On October 19, 2016, Plaintiffs filed the original Complaint arising from the aforementioned events. [D.E. 1].

4. This Court dismissed the original Complaint—consisting of seventy-five pages and three-hundred sixty four paragraphs—because it was a textbook shotgun pleading. [D.E. 19]. The Court granted Plaintiff's leave to file an Amended Complaint. [D.E. 19].

5. On November 7, 2016, Plaintiffs filed their Amended Complaint. [D.E. 20]. The Amended Complaint consists of seventy-nine pages and three-hundred seventy one paragraphs.

6. Like the original Complaint, the Amended Complaint initially acknowledges that CMI and CMSI are separate, distinct corporate entities. [D.E. 20 ¶¶ 3–5]. Yet, virtually every paragraph that relates to the Continental Companies, refers to the two entities as one. The Amended Complaint is entirely void of any factual allegations that refer distinctly to CMI. [D.E. 20]. Likewise, the Amended Complaint is also void of any factual allegations that refer distinctly to CMSI.

7. Moreover, paragraphs 38–41 purportedly relate to the "Claims as to the Continental Defendants". However, these paragraphs do not provide factual allegations that are attributable to each defendant; rather, the Plaintiffs summarily state that these claims relate to the Continental Defendants. [D.E. 20 ¶¶ 39–41].

8. It is impossible for the Continental Companies to know which factual allegations pertain to solely to CMI, which factual allegations pertain solely to CMSI, and which factual allegations pertain to both.

9. Also, the Amended Complaint expands on the confusion of the prior dismissed pleading, contains more counts, and is lengthier, without resolving the disorganized and repetitive

assertions that plagued the original Complaint. [D.E. 20]. Mr. Hinkle alleges he bought his aircraft directly from the Cirrus defendants "who supplied it with a brand new engine"; yet, Mr. Hinkle also alleges "the Continental defendants did agree to provide *him* an engine." [D.E. 20 ¶¶ 130–31] (emphasis added). Such two statements are facially contradictory.

10. As evidence of the disorganized and confusing nature of the Amended Complaint, nearly all of Mrs. Hinkle's counts contain claims of damages suffered by Mr. Hinkle. [D.E. 20 ¶¶ 226, 242, 258, 276, 291, 307, 317, 325, 341, 357, 367, 371]. It seems as if all of Mr. Hinkle's claims are inextricably intertwined with Mrs. Hinkle's claims, and rather than curing the pleading defects, the Amended Complaint exacerbates the disorganized, confusing and repetitive issues that plagued the original Complaint.

11. Plaintiff, Mrs. Hinkle also alleges a breach of contract count stating "Plaintiff Robert Hinkle bought his aircraft directly from the Cirrus defendants, who supplied it with a brand new engine." [D.E. 20 ¶ 286]. Mrs. Hinkle also alleges "the Continental defendants did agree to provide *him* an aircraft engine and component parts." [D.E. 20 ¶ 287] (emphasis added). It is unclear how Mrs. Hinkle is a party to a contract with either CMI or CMSI, where the Complaint affirmatively states that only Mr. Hinkle purchased the aircraft and thus only Mr. Hinkle is in privity, and has standing, to raise a breach of contract claim[3].

12. Adding to the confusion, Plaintiffs also "state that the contract evidencing this agreement is attached hereto as Exhibit A" but Plaintiff fails to attach the purported agreement. [D.E. 20 ¶¶ 133, 240, 289]. Without this purported agreement or explanation within the Complaint, it is impossible for Defendants to determine how Plaintiff can purport to buy a

---

[3] Evidence in this case shows that the Aircraft was not purchased by Mr. Hinkle, but rather a company named Header Bug LLC, thus nullifying both breach of contract claims brought by these Plaintiffs; however, for the purpose of this Motion to Dismiss, where allegations in the Complaint, regardless of how incorrect these may be, must be taken as true, Defendants solely raise the issue of the ambiguity and nullification within the Amended Complaint.

product directly from one party pursuant to a contract and also bind the other third parties to that same contract.

13. Without pleading any facts evincing contact—either oral or written— between Plaintiffs and CMI or CMSI, Plaintiffs make mere conclusory allegations in support of their breach of express and implied warranties claims. [D.E. 20]. Specifically, Plaintiffs allege "these descriptions, representations, and affirmations resulted in oral and written express and implied warranties." [D.E. 20 ¶¶ 14, 248]. Such is insufficient to comply with the pleading requirements, thus warranting dismissal.

### III. MEMORANDUM OF LAW

#### 1) Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A complaint's factual allegations must be enough to raise a right to relief above speculative level." *Dapeer v. Neutrogena Corp.*, 95 F. Supp. 3d 1366, 1372 (S.D. Fla. 2015)(Cooke, J.). In other words, a plaintiff must allege sufficient factual content to "nudge" her claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). If "allegations are. . . more conclusory than factual, then the court does not have to assume their truth*." Chaparro v.Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). Here, the Plaintiffs make conclusory allegations without factual support so the Court should not accept them as true.

#### 2) Plaintiffs Failed to Properly Plead Causes of Action Against CMI and CMSI.

6

Plaintiff violated well-settled federal pleading requirements by not alleging separate factual allegations to put CMI and CMSI on notice as to what they must individually defend against. Federal Rules of Civil Procedure 8 and 10 work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading." *Roundtree v. Countrywide Home Loans, Inc.*, 2009 U.S. Dist. LEXIS 120687, *11 (M.D. Fla. Dec. 29, 2009) (citing *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996)(citation omitted). In *Roundtree*, the trial court dismissed an amended complaint because it failed "to align specific conduct with each claim and defendant." *Roundtree*, 2009 U.S. Dist. LEXIS 120687, at *13. The court also found it improper that plaintiff treated "'Countrywide Home Loans, Inc.,' 'Countrywide Bank N.A.' and 'Country Wide Financial' as one, despite defendants' corporate disclosure statement which represents that Countrywide Financial Corp. is the parent corporation of Countrywide Home Loans, Inc." *Id*. *Roundtree* clearly states that a plaintiff cannot lump separate corporate entities into one.

In the Amended Complaint of the present case, Plaintiffs impermissibly treat CMI and CMSI as one. Despite acknowledging that the Continental companies are separate corporate entities, Plaintiffs lump them together. Plaintiffs fail to align any specific, independent conduct or omission by CMI that subjects it to this lawsuit. Plaintiffs also fail to align any specific, independent conduct or omission by CMSI that subjects it to this lawsuit. Plaintiffs completely ignored the corporate boundaries separating the two entities. As a result, CMI and CMSI are unable to determine how to frame a responsive pleading. CMI should not be forced to speculate as to what each allegedly did or failed to do to give rise to the claims against it. Instead, Plaintiffs are required to allege a short and plain statement of the claim showing that the pleader is entitled to relief from each defendant, thus asserting the factual conduct by CMI that subjects CMI to the lawsuit. Plaintiffs must do the same with respect to CMSI. Until then, the Amended Complaint

fails to comply with the minimum pleading requirements set forth by Rule 8 and 10, and should be dismissed as a matter of law.

### 3) The Amended Complaint continues to be a shotgun pleading.

The Amended Complaint is an impermissible shotgun pleading. The drafters of the Federal Rules of Civil Procedure created pleadings requirements so the "defendant could understand the cause(s) of action the plaintiff was asserting and frame a responsive pleading, and the district court, having a clear and definitive response before it, could recognize the parties' claims and defenses, identify the issues of fact to be litigated, and proceed to a just result." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008). The rules require brevity and clarity. Fed. R. Civ. P. 10(b). Complaints that are disorganized, confusing, and repetitive constitute impermissible shotgun pleadings and are disallowed. *See Anderson v. District Bd. of Trustees of Cent. Fla. Community College*, 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.").

The Amended Complaint in this case contains a textbook shotgun complaint – and is the mirror opposite of brevity and clarity. The original shotgun Complaint contained three hundred sixty paragraphs and seventy-five pages. This Court dismissed it because the counts were disorganized, confusing, and repetitive. The Amended Complaint is not only more confusing, but more voluminous containing three hundred seventy one paragraphs and seventy-nine pages.

Moreover, it seems that either Mrs. Hinkle is improperly incorporating the factual allegations pertaining to Mr. Hinkle into her counts, or Plaintiffs simply "cut and paste" Mr. Hinkle's counts into Mrs. Hinkle's counts. Twelve of Mrs. Hinkle's counts claim that "Mr. Hinkle" experienced damages and no claim that Mrs. Hinkle experienced damages at all. Mrs.

Hinkle's breach of contract claim does not include any facts as to how she—or CMI or CMSI for that matter—is bound to a contract. Plaintiffs allege that "Robert Hinkle bought his aircraft directly from the Cirrus defendants, who supplied it with a brand new engine." However, it is unclear what Mrs. Hinkle's involvement was—if any. Plaintiffs impermissibly lump the causes of action available to Mr. Hinkle with the causes of action available to Mrs. Hinkle. Simply, the Amended Complaint is confusing, inaccurate, repetitive, and does not comply with federal pleading requirements and should once again be dismissed.

> 4) **Plaintiff's Failed to Plead Sufficient Facts in Support of Their Breach of Contract Claims.**

The requirements of *Fed. R. Civ. P 8* are simple, yet mandatory. Rule 8 unequivocally states that "A Pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2)*. A pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Iqbal* , 556 U.S. at 678. Plaintiffs fail to allege any facts evincing a contract between CMI or CMSI and the Plaintiffs. Plaintiffs claim to attach a contract to the Amended Complaint evincing an agreement between Plaintiffs and CMI or CMSI; however, failed to do so. Also, Plaintiffs freely admit that Mr. Hinkle purchased the Aircraft directly from Cirrus—not CMI or CMSI. Plaintiffs allege no facts evincing any contact—oral or in writing—between Plaintiffs and CMI or CMSI. Instead, Plaintiffs make false, formulaic recitation of the elements of a cause of action in that, "in exchange for valuable consideration, the Continental Defendants did agree to provide him an aircraft engine and components parts."

While Plaintiffs make conclusory allegations that the "Continental Defendants" breached a contract, it is unclear which "Continental Defendant" entered or breached the purported contract. Plaintiffs fail to allege facts demonstrating that either CMI or CMSI had any contact

9

with the Plaintiffs, much less facts attributable to either that constitute a breach such contract. Similarly, Mrs. Hinkle claims a breach of contract, but fails to allege any facts demonstrating that she in fact entered into any contract with anybody, much less CMI or CMSI. Plaintiffs allege "Robert Hinkle bought his aircraft directly from the Cirrus defendants", [DE20 ¶286] but Plaintiffs do not allege how Mrs. Hinkle is in privity of contract or has any standing to support a breach of contract claim. Accordingly, Plaintiffs have failed to plead sufficient facts to support their causes of action for breach of contract and should be dismissed.

## IV.   CONCLUSION

The Amended Complaint is a textbook example of overreaching and careless pleading by Plaintiffs. Defendants are unable to formulate a response or even understand the allegations against each since such are presented in a disorganized, confusing, and repetitive shotgun pleading. The result is a hodgepodge of conclusory allegations lacking the requisite factual support. This Court has already instructed the Plaintiffs to rewrite the Complaint. Yet, we still have a pleading in which it is unclear who is to blame for what conduct. Therefore, the Amended Complaint should be dismissed.

WHEREFORE, for the foregoing reasons, Defendants, Continental Motors Inc. and Continental Motors Services, Inc., respectfully request this Honorable Court grant their Motion to Dismiss and enter an order dismissing the Plaintiffs' Amended Complaint, along with such other relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served on 21 November 2016 via electronic format in accordance with Administrative Order 2006-26.

**GRIFFIN & SERRANO, P.A.**
Landmark Bank Building, Sixth Floor
707 Southeast 3rd Avenue
Fort Lauderdale, Florida 33316
Phone: (954) 462-4002
Fax: (954) 462-4009

*/s/ Juan R. Serrano*

_____
Juan R. Serrano
Florida Bar No. 319510
Primary Email: jserrano@griffinserrano.com
Secondary Email: service@griffinserrano.com
                              apavon@griffinserrano.com
                              plewis@griffinserrano.com

## SERVICE LIST

Mark H. Perenich, Esquire
Perenich, Caulfield, Avril & Noyes, P.A.
1875 North Belcher Road, Suite 201
Clearwater, Florida 33765
Tele: 727-796-8282
Fax: 727-797-6337
Primary e-mail: mark@usalaw.com
Secondary e-mail: linda@usalaw.com