UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT HINKLE *et al.,* [1]

     Plaintiffs,

v.                                           Case No: 8:16-cv-2966-T-36MAP

CONTINENTAL MOTORS, INC.,
CONTINENTAL MOTORS SERVICES,
INC., CIRRUS DESIGN CORPORATION,
CIRRUS INDUSTRIES, INC. and
KAVLICO CORP.,

     Defendants.

_____/

## <u>O R D E R</u>

     This matter comes before the Court upon Defendants Continental Motors, Inc. and Continental Motors Services, Inc.'s Motion to Dismiss (Doc. 45), Plaintiffs Robert Hinkle and Brenda Hinkle's response (Doc. 63), Defendants Continental Motors, Inc. and Continental Motors Services, Inc.'s ("Continental Defendants") Motion to Dismiss (Doc. 33)[2], Plaintiffs Michael Skinner and Dawn Skinner's response (Doc. 82), and Defendants' reply (Doc. 89)[3].   In the motions, the Continental Defendants state that Plaintiffs do not comply with the federal pleading standards and otherwise allege insufficient facts to support their claims for relief.  The Court, having considered the motions and being fully advised in the premises, will grant Defendants

---

[1] This case was consolidated with the related case *Skinner et al. v. Continental Motors, Inc. et al.*, Case No: 8:16-cv-3223-CEH-AAS. *See* Doc. 44. The Court will cite the Skinners' Complaint as "Skinner Compl." throughout this Order.

[2] The Continental Defendants' Motion to Dismiss the Skinners' Complaint was filed in Case No. 8:16-cv-3223-CEH-AAS as Document 33.

[3] This pleading replies to both responses from the Hinkles and the Skinners.

Continental Motors, Inc. and Continental Motors Services, Inc.'s motion to dismiss as to the Hinkles and grant the motion to dismiss as to the Skinners.

## I.   STATEMENT OF FACTS[4]

On November 28, 2014, Plaintiffs Robert Hinkle, Brenda Hinkle, Dawn Skinner and Michael Skinner departed from Sarasota/Bradenton International Airport in a Cirrus S22T aircraft, bearing registration number N227RR (the "Aircraft"). Skinner Compl. at ¶¶ 17, 18; Doc. 20 at ¶¶ 17, 18.  The Aircraft crashed in South Carolina. Skinner Compl. at ¶¶ 23, 36; Doc. 20 at ¶¶ 23, 36. Mr. Hinkle, the pilot, was unable to restore power to the Aircraft, and the engine failure required a forced landing, causing injuries to everyone on board. Skinner Compl. at ¶ 36; Doc. 20 at ¶ 36. The post-accident testing showed the oil transducer was faulty and the engine did not produce the required power to function properly. Skinner Compl. at ¶¶ 38-40; Doc. 20 at ¶¶ 38-40. Plaintiffs filed suit against Defendants Continental Motors, Inc. and Continental Motor Services, Inc. (the "Continental Defendants"), among other parties.  Plaintiffs allege generally that the Continental Defendants "designed, developed, manufactured, assembled, inspected, distributed, sold supplies, overhauled, rebuilt, serviced, supported, maintained, modified and/or repaired the accident aircraft engine and its component parts… [and that] the engine was not able to make required power at the time of the accident…due to it not receiving a proper amount of fuel due to defects in the fuel delivery system…." Skinner Compl. at ¶¶ 38-41, 115; Doc. 20 at ¶¶ 38-41, 271.

On October 19, 2016, the Hinkles filed the original Complaint in this case. Doc. 1. The Court dismissed the Hinkles' original Complaint which consisted of three-hundred sixty-four

---

[4] The following statement of facts is derived from the Skinners' Complaint (Doc. 1, Case No. 8:13-cv-3223-CEH-AAS) and the Hinkles' Amended Complaint (Doc. 20) the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

paragraphs and seventy-five pages, because it was a shotgun pleading. Doc. 19. The Court granted the Hinkles' leave to file an Amended Complaint which they did on November 7, 2016. Doc. 20. The Amended Complaint consists of 79 pages and 371 paragraphs. *Id*. The Amended Complaint initially lists the Continental Defendants as separate corporate entities. *Id*. at ¶¶ 3-5. But the remaining paragraphs relating to the Continental Defendants refer to the entities as one. *See*, *e.g.*, ¶¶ 38-41. On November 17, 2016, the Skinners filed their Complaint which is substantially similar to the Hinkles' original Complaint.

## II.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Furthermore, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted).  The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. *See Bryant v. Avado Brands, Inc*., 187 F.3d 1271, 1278 (11th Cir. 1999). A district court may also properly take judicial notice of documents which are public records that are "not subject to reasonable dispute" because they are "capable of accurate

and ready determination by resort to sources whose accuracy could not reasonably be questioned." Fed.R.Evid. 201(b); *see also Universal Express, Inc. v. U.S. SEC*, 177 Fed. Appx. 52, 53 (11th Cir. 2006) (per curiam).

### III.    DISCUSSION

#### a.  The Motions to Dismiss

The Continental Defendants move to dismiss the Skinners' Complaint arguing that it does not: 1) properly plead a cause of action against them, 2) comply with federal pleading standards resulting in a shotgun pleading, 3) plead sufficient facts to support their claims as required under Florida law, or 4) provide any legal authority to support their attorneys' fee claim.

The Continental Defendants seek dismissal of the Hinkles' Amended Complaint arguing that it: 1) impermissibly lumps the Continental Defendants together in the allegations, 2) is a shotgun pleading, and 3) does not state a claim for breach of contract against either Defendant.

As to the breach of contract claim, the Continental Defendants argue that because the Plaintiffs allege that Mr. Hinkle purchased the Aircraft directly from the Cirrus Defendants, there is no basis for a contractual claim against them. Therefore, the Continental Defendants argue, the Plaintiffs have not pleaded sufficient facts to allege the existence of a contract between either of the Continental Defendants and the Plaintiffs.

#### b.  The Complaint and Amended Complaint are shotgun pleadings

In addition to the requirement that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," a party's claims must be "limited as far as practicable to a single set of circumstances . . . [and] must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). Failure to comply with these rules may result in a shotgun pleading. Shotgun pleadings "incorporate every antecedent allegation by reference into each subsequent claim for relief." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). "A

complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.' " *Lampkin-Asam v. Volusia County School Bd.*, 261 Fed. Appx. 274, 277 (11th Cir. 2008). Complaints that are "disjointed, repetitive, disorganized and barely comprehensible" also constitute shotgun pleadings. *Id*. at 276.    In   the event of a shotgun pleading, the court should strike or dismiss the complaint and instruct Plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 995, 984 (11th Cir. 2008).

Here, the Skinners' Complaint is substantially similar to the Hinkles' original Complaint, which this Court dismissed as a shotgun pleading. The same analysis applies to the Skinners' Complaint and it will be dismissed. *See* Doc. 19. The Hinkles' Amended Complaint contains seven counts, some of which are unrelated to one another. Some counts, however, inappropriately incorporate preceding allegations by reference. As a result, those counts are vague, repetitive, and contain factually irrelevant information. For example, there are counts related to Mrs. Hinkle which incorporate damages suffered by Mr. Hinkle. *See* Doc. 20 at ¶¶ 226, 242, 258, 291, 307, 317, 325, 341, 357, 367, 371. Therefore, the Hinkles' Amended Complaint is defective, as it is an impermissible shotgun pleading.

The Court will dismiss the Complaint and the Amended Complaint, without prejudice, on this basis.

### c.  Impermissible conjoining of the Continental Defendants

Plaintiffs admit that the allegations against the Continental Defendants are alleged jointly for brevity's sake. They argue that the Continental Defendants have changed their corporate structure many times, making it difficult to know who actually manufactured the engine. The Skinners argue that while the Plaintiffs do group the Continental Defendants together for engine-

related conduct, they do not do so with Cirrus or Kavlico, making the allegations sufficiently narrow to allow the Continental Defendants to craft an answer.

The Court agrees with the Continental Defendants that the Plaintiffs must allege their specific claims against each individual Defendant. *Accord Brooks v. CSX Transp., Inc.*, 3:09-CV-379-J-32HTS, 2009 WL 3208708, at *4 (M.D. Fla. Sept. 29, 2009) (ordering plaintiff to "re-draft her complaint to describe the particular conduct by a particular defendant in connection with each cause of action and to specify which defendant each cause of action is asserted against, including "distinguishing between defendants CSX Transportation, Inc. and CSX Intermodal[.]").

### d. The Plaintiffs' failure to state a breach of contract claim

The Continental Defendants argue that the Hinkles' and Skinners' breach of contract claims contain insufficient facts to allege that either of the Continental Defendants entered into a contract with any of the Plaintiffs. The Complaint and Amended Complaint allege that Mr. Hinkle purchased the Aircraft directly from the Cirrus Defendants. Skinner Compl. at ¶ 80; Doc. 20 at ¶ 286. Although referencing "Exhibit A" in Document 20, paragraphs 133, 240, and 289, no contract is attached to the Amended Complaint. And the Continental Defendants argue, no allegations show how the Continental Defendants are bound by a contract with the Hinkles or Skinners. The Complaint and Amended Complaint also lack any factual allegations establishing an oral contract between the parties. Plaintiffs merely allege that "in exchange for valuable consideration, the Continental Defendants did agree to provide [Mr. Hinkle] an aircraft engine and components parts." Skinner Compl. at ¶ 131; Doc. 20 at ¶ 287. Plaintiffs also allege that '[t]here arose an agreement that in exchange for this consideration, the aircraft engine and components which the Continental and Cirrus defendants provided would be safe and airworthy." Skinner Compl. at ¶

132; Doc. 20 at ¶ 239. And they allege that "these descriptions, and affirmations resulted in oral and written express and implied warranties." Skinner Compl. at ¶ 92; Doc. 20 at ¶ 248.

Plaintiffs argue that because the engine was brand new in the Aircraft when Mr. Hinkle purchased it, the Continental Defendants had a contractual obligation to ensure that the engine was in proper working condition and any warranty on it would extend to the end user. Because the Continental Defendants investigated the accident, Plaintiffs argue that they cannot now claim that the allegations regarding their liability is unclear. Plaintiffs further argue that the documents establishing the breach of contract claims are possessed by the Continental Defendants. Therefore, they argue that their lack of reference to it and failure to attach it to the complaints should not be a basis for dismissal. In their response, the Hinkles clarify that they are attempting to allege that they were the intended third party beneficiaries of the engines sold to Cirrus to include in the Aircraft.

Here, Plaintiffs have not adequately alleged a breach of contract claim. Although Plaintiffs are attempting to allege a third party beneficiary cause of action as disclosed in their respective responses in opposition to the motions to dismiss, the allegations in the Complaint and Amended Complaint do not contain sufficient facts to support such a claim. While the federal rules of civil procedure do not require Plaintiffs to attach the contract in dispute to the complaint, the allegations in the complaint must contain sufficient facts to support a claim for an oral or written contract. Plaintiffs' conclusory allegations do not specify which of the Continental Defendants breached a contract, do not assert that they had any contact with any of the Plaintiffs, and do not sufficiently allege how any of the Plaintiffs have standing to bring a breach of contract claim. Therefore, the Court will dismiss the breach of contract claims, with leave to amend.

### e.   The Skinners' failure to state a breach of warranty claim

The Continental Defendants argue that the Skinners do not state a claim for breach of an express warranty since they have not established the existence of a contract between them. And Florida law has abolished a breach of implied warranty cause of action in this context[5]; therefore the Skinners cannot state a claim as a matter of Florida law.  The Skinners respond that dismissal is inappropriate because the Court has not made a choice-of-law determination. The Skinners, who are residents of Virginia, argue that because harm occurred in Virginia through their continued injuries there, Virginia law applies.

In this case, the Complaint alleges that the Continental Defendants made a contract with Cirrus to supply engines for the Aircraft, and that the Skinners "relied on the warranties in operating and traveling in the accident aircraft[;]" and that the "implied warranties ran from Defendants to Plaintiff."  Skinner Compl. at ¶¶ 144-147. The contract at issue in this case therefore is the one between one of the Continental Defendants and Cirrus for the engine in the Aircraft. As with the breach of contract claim discussed *supra*, Plaintiffs have not sufficiently alleged a claim for breach of an express warranty.

As for a breach of implied warranty claim, it is undisputed that Florida law does not provide for a no-privity breach of implied warranty cause of action. Therefore, Plaintiffs contend that the Court must engage in a choice-of-law analysis to determine which state's law applies to its claims. *See*, *e.g.*, *David v. Am. Suzuki Motor Corp.*, 629 F. Supp. 2d 1309, 1316 (S.D. Fla. 2009)

---

[5] Under Florida law aircraft passengers have no cause of action for breach of implied warranty against an aircraft's manufacturer. *Kramer v. Piper Aircraft Corp.*, 520 So. 2d 37 (Fla. 1988). The Court made it clear that Florida "abolished the no-privity, breach of implied warranty cause of action", where plaintiff brought claims for negligence, strict liability and breach of implied warranty of fitness and merchantability.  *Id.* at 39. Plaintiffs do not dispute that this is the law in Florida.

(conducting choice-of-law analysis before reaching defendant's motion to dismiss). A federal district court sitting in diversity applies the choice-of-law rule of the state in which it is located, in this case Florida. *U.S. Fidelity & Guar. Co. v. Liberty Surplus Ins. Corp.*, 550 F.3d 1031, 1033 (11th Cir. 2008) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 496, (1941)). As a preliminary matter, the Court will characterize the legal issue and determine whether it sounds in torts, contracts, or property law. *Grupo Televisa v. Telemundo Commc'ns Group, Inc.*, 485 F.3d 1233, 1240–1241 (11th Cir. 2007). Once characterized, it determines the choice-of-law rule that the forum state applies to that particular type of legal issue. *Id.* (citing *Acme Circus Operating Co., Inc. v. Kuperstock*, 711 F.2d 1538, 1540 (11th Cir. 1983)).

Plaintiffs' implied and express warranty claims are in the nature of a contract. *See Brisson v. Ford Motor Co*., 602 F.Supp. 2d 1227, 1230 (M.D. Fla. 2009) ("An express warranty has long been recognized as 'bargained-for terms of a contractual agreement' and therefore in the nature of a contract."); *Rose v. ADT Sec. Services, Inc*., 989 So. 2d 1244, 1248 (Fla. DCA 2008) ("With regard to the breach of warranty claims, in Florida there are two parallel but independent bodies of products liability law. One, strict liability, is an action in tort; the other, implied warranty, is an action in contract.") (citing *West v. Caterpillar Tractor Co*., Inc., 336 So. 2d 80, 88 (Fla. 1976)).

Florida's choice-of-law rule applies the doctrine of *lex loci contractus* to contract actions and considers where the contract was formed or required performance. *U.S. Fidelity*, 550 F.3d at 1033; *State Farm Mut. Auto. Ins. Co. v. Roach,* 945 So. 2d 1160, 1163 (Fla. 2006). The state in which the contract is made is where the last act necessary to complete the contract is done. *Pastor v. Union C. Life Ins. Co*., 184 F. Supp. 2d 1301, 1305 (S.D. Fla. 2002), *aff'd*, 128 Fed. Appx. 100 (11th Cir. 2005) (applying Florida choice-of-law rules).

In this case, the alleged contract from which the warranty extends is between Cirrus and the Continental Defendants. The Complaint and Amended Complaint do not specifically provide where the contract was formed or where it was to be performed.[6] The contract is not attached to the Complaint or Amended Complaint. The Continental Defendants argue that the law governing this claim could be Minnesota, Alabama, or Florida, "but certainly not South Carolina nor Virginia". Plaintiffs' argue that Virginia's law applies, but this argument is not supported by the allegations in the Complaint. The Plaintiffs' place of residence alone is not sufficient to resolve the choice-of-law inquiry. In this context, the law to be applied should be the law of the state where the Continental Defendants and Cirrus executed the contract or where the contract was to be performed. *See, e.g., Pastor*, 184 F. Supp. 2d at 1305 (holding that the law of New Jersey, where contract was entered into, rather than law of Florida, where insured resided, applied to determine choice-of-law). Plaintiffs' Complaint and Amended Complaint do not provide sufficient allegations for the Court to determine which state's laws applies. Rather than applying the law of Florida at this time, the Court will give Plaintiffs one final opportunity to amend. *See e.g., Brisson v. Ford Motor* Co., 602 F. Supp. 2d 1227, 1231 (M.D. Fla. 2009), *aff'd in part, vacated in part, remanded*, 349 Fed. Appx. 433 (11th Cir. 2009) (unpublished) ("[T]he complaint fails to allege where the three named Plaintiffs purchased their trucks and, more importantly, fails to allege any facts supporting application of one of the other fifty state's laws. In a situation in which the facts alleged do not substantiate application of any particular foreign law, the forum generally applies the law of the state in which it sits."). Therefore, the Court will dismiss the breach of warranty claim, with leave to amend.

---

[6] The Amended Complaint alleges, in the introductory paragraphs, that the Aircraft was sold to Mr. Hinkle in the state of Florida.

**f.  Failure to state a fraud claim**

The Continental Defendants argue that the Skinners do not allege their fraud causes of action with the sufficient particularity required under federal law. The Skinners disagree, reiterate their various allegations, and argue that the claim essentially asserts that the Continental Defendants misrepresented that their engine was safe and airworthy, i.e. that it met the requirements of the Federal Aviation Regulations in the Code of Federal Regulations.

To state a claim for fraud, a plaintiff must allege: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010) (quotation marks, citation, and emphasis omitted). "[A] party must state with particularity the circumstances constituting fraud ...." Fed.R.Civ.P. 9(b). The purpose of this requirement is to alert the defendant to the "precise misconduct with which [it] [is] charged" and to protect the defendant "against spurious charges of immoral and fraudulent behavior." *Brooks v. Blue Cross and Blue Shield of Florida, Inc*., 116 F.3d 1364, 1370–71 (11th Cir. 1997).

This requirement is satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations ..., (2) the time and place of each such statement and the person responsible for making ... same, (3) the content of such statements and the manner in which they misled the plaintiff and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc*., 256 F.3d 1194, 1202 (11th Cir. 2001) (quotation marks and citation omitted). But the particularity requirement should not abrogate the concept of notice pleading, and "alternative means are also available to satisfy the rule." *Durham v. Business Management Associates,* 847 F.2d 1505, 1511–12 (11th Cir. 1988). A court considering a motion

11

to dismiss for failure to plead fraud with particularity should always be careful to reconcile the requirements of rule 9(b) with the broader policy of notice pleading under Rule 8. *See Hill v. Morehouse Med. Associates, Inc*., 02-14429, 2003 WL 22019936, at *3 (11th Cir. Aug. 15, 2003).

The Court will dismiss Plaintiffs' fraud claim without prejudice because Plaintiffs have not pleaded fraud with the requisite particularity. Plaintiffs only allege in a vague and conclusory manner that the Continental Defendants "did knowingly misrepresent that its aircraft engine and component parts … were safe for use and non-defective" and "the defendants did also fail to disclose…that a dangerous condition would develop in this aircraft engine." *See*, *e.g*., Skinner Compl. ¶¶ 152-161. But the Complaint does not identify with the requisite particularity the misrepresentations and/or concealments that were actually relied upon by Mr. Hinkle, who is alleged to have purchased the Aircraft. It also does not state the date, time or place of these alleged misrepresentations, nor does it identify which of the Continental Defendants made the misrepresentations.

The Court notes that in their response, the Skinners inject facts not contained in the Complaint, i.e. representations contained in the Airworthiness Certificate and Type Certificate. The Court cannot consider those assertions on a motion to dismiss because they are not within the four corners of the Complaint, and they do not otherwise qualify for an exception to that rule.  The Court will dismiss the claim with leave to amend and the Skinners can certainly include those assertions in their Amended Complaint.

### g. The Skinners' fail to cite legal authority justifying demand for attorneys' fees

The Continental Defendants argue that the Skinners' demand for attorneys' fees have no statutory or contractual basis because all of the claims are common law claims that do not award attorneys' fees. Therefore, they request that the Court strike the demand as premature. The

Skinners acknowledge that they need a statutory or contractual basis for attorneys' fees, and they cite Florida Statute § 57.105[7] in their response. They argue that because it is unclear whether an award of attorneys' fees will be appropriate in this action, or whether a justification for the award will arise during litigation, it is premature for the Court to make any determination regarding fees.

This Court follows the "American Rule" which provides that "[e]ach litigant pays his [or her] own attorneys' fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts LLP v. ASARCO LLC*, 135 S. Ct. 2158, 2164 (2015). "As an exception to the American Rule, however, the district court may award attorney's fees when a losing party has 'acted in bad faith, vexatiously, wantonly or for oppressive reasons.' " *Boler v. Space Gateway Support Co. LLC*, 290 F. Supp. 2d 1272, 1277 (M.D. Fla. 2003) (citing *Chambers v. NASCO, Inc*., 501 U.S. 32, 44-46, (1991)).

There may very well be a basis in the future for Plaintiffs to seek fees against the Defendants based on Florida Statute § 57.105 or the exception to the American Rule. But at this juncture the Skinners have not alleged sufficient facts to support a demand for attorneys' fees.

## IV.   CONCLUSION

Although the Court dismissed the Hinkles' original Complaint as a shotgun pleading, the changes made to their Amended Complaint continue to fall short of federal pleading standards. As the Skinners' Complaint is substantially similar to that of the Hinkles' original Complaint, it too is a shotgun pleading requiring amendment. Given the numerous parties involved and the amount of claims at issue, the Plaintiffs must clearly state their causes of action at the outset of the litigation

---

[7] This statute provides for attorney's fees in the event that "the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial: (a) Was not supported by the material facts necessary to establish the claim or defense; or (b) Would not be supported by the application of then-existing law to those material facts." Fla. Stat. § 57.105.

to afford all parties, including the Court, a fair opportunity to address the claims. The causes of action against the Continental Defendants also fail to state a claim for the reasons stated in this Order. Therefore, the Court will dismiss the Hinkles' Amended Complaint and the Skinners' Complaint, and permit the Hinkles to file a second amended complaint and the Skinners to file an amended complaint.

       **Accordingly, it is ORDERED**:

       1.     Defendants Continental Motors, Inc. and Continental Motors Services, Inc.'s Motion to Dismiss (Doc. 45) is **GRANTED**.

       2.     Defendants Continental Motors, Inc. and Continental Motors Services, Inc.'s Motion to Dismiss (Doc. 33 in Case No. 8:16-cv-3223 as to the Skinners) is **GRANTED.**

       3.     The Clerk is directed to terminate Doc. 33 in Case No. 8:16-cv-3223.

       4.     Plaintiffs may file a Second Amended Complaint and Amended Complaint which cure the deficiencies addressed in this Order within fourteen (14) days. Failure to file the amended complaints within the time permitted will result in dismissal of this action without further notice.

       **DONE AND ORDERED** in Tampa, Florida on July 24, 2017.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

14